

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2007

# Lubis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5440

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lubis v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5440
_____

BINTOR MARDAHILSON LUBIS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A95-864-053)
Immigration Judge: Hon. Donald V. Ferlise

_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2007

Before: SMITH, NYGAARD, and HANSEN,[*] Circuit Judges.

(Filed: April 19, 2007)

_____

_____

  *Honorable David R. Hansen, Senior Circuit Judge for the Eighth Circuit Court of
Appeals, sitting by designation.

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Mr. Lubis, a native and citizen of Indonesia, entered the United States and remained here beyond the expiration of his visitor's visa. He appeared before an immigration court and conceded removability, but requested asylum, withholding of removal, and protection from removal, because a mob of political opponents allegedly beat him following a demonstration in 2001. The immigration judge found Lubis not credible and denied his claims. The BIA affirmed. We will deny Lubis' petition for review.

II.

A.

Specifically, Lubis claimed that he was a member of the Kontras human rights organization in Indonesia, and that he attended a demonstration against the Indonesian vice-president soon after the September 11th attacks against the United States. He says that supporters of the vice-president converged on the rally, and attacked him and other Kontras members. When he fled to a bus stop, Lubis maintains, he was severely beaten by two police officers and some of the vice-president's supporters.

We review an IJ's adverse credibility determination for substantial evidence. *Sukwanputra v. Gonzales*, 434 F.3d 627, 636 (3d Cir. 2006). Here, the IJ found material

2

discrepancies between Lubis' affidavit and testimony, as well as between statements he made during the hearing. The IJ noted that Lubis gave inconsistent accounts of his beating, did not know what Kontras' name meant, and appeared to have fabricated allegations that his family had received death threats from his assailants. We conclude that the IJ's adverse credibility finding is supported by substantial evidence.

B.

The Attorney General may grant asylum to an alien who shows he is unable or unwilling to return to his homeland because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Lie v. Ashcroft*, 396 F.3d 530, 534-35 (3d Cir. 2005). To obtain withholding of removal, an alien must demonstrate a "clear probability" that his life or freedom would be threatened on one of the prohibited grounds if removed to the proposed country of removal. *Zubeda v. Ashcroft*, 333 F.3d 463, 470 (3d Cir. 2003). Finally, he may obtain protection from removal under the Convention Against Torture if he establishes that it is more likely than not that he would be tortured if removed. *Wang v. Ashcroft*, 320 F.3d 130, 133-34 (3d Cir. 2003). Given his lack of credibility, Lubis' testimony was insufficient to support any of his claims. The IJ properly refused to grant Lubis asylum, withholding of removal, and CAT relief.

III.

3

We conclude that the IJ's adverse credibility determination is based upon substantial evidence, and that Lubis failed to demonstrate that he was entitled to asylum, withholding, or CAT relief. Accordingly, we will deny Lubis' petition for review.